IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| IVONE RODRIGUEZ, | § | |
|     Plaintiff, | § | |
| v. | § | CIVIL NO. 3-17-CV-00139-RFC |
| | § | |
| NANCY A. BERRYHILL, | § | |
| Acting Commissioner of the Social Security | § | |
| Administration, | § | |
|     Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

This is a civil action seeking judicial review of an administrative decision. Jurisdiction is predicated upon 42 U.S.C. § 405(g). Both parties having consented to trial on the merits before a United States Magistrate Judge, the case was transferred to this Court for trial and entry of judgment pursuant to 28 U.S.C. § 636(c), and Rule CV-72 and Appendix C to the Local Court Rules for the Western District of Texas.

Plaintiff appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act. For the reasons set forth below, this Court orders that the Commissioner's decision be AFFIRMED.

## PROCEDURAL HISTORY

On August 23, 2013, Plaintiff filed her applications for DIB and SSI, alleging a disability onset date of January 1, 2013. (R:208-225, 256, 269).[1] Her applications were denied initially and on reconsideration. (R:75, 92, 109, 127). Plaintiff filed a request for a hearing, which was

---

[1] Reference to the record of administrative proceedings is designated by (R:[page number(s)]). Reference to the pleadings is designated by (Doc.[docket number]:[page number(s)]).

conducted on September 22, 2015. (R:32-74). The Administrative Law Judge ("ALJ") issued a decision on December 11, 2015, denying benefits. (R:12-25). The Appeals Council denied review. (R:1-6).

**ISSUES**

Plaintiff presents the following issues for review:

1. Whether the ALJ's step five determination–that there are other jobs that exist in substantial numbers in the national economy that Plaintiff can perform–is supported by substantial evidence.

2. Whether the ALJ failed to properly weigh the opinion of Plaintiff's treating physician.

3. Whether the ALJ erred in failing to perform a detailed analysis of the treating physician's opinion under the criteria set forth in 20 C.F.R. § 404.1527(c)(2).[2]

Plaintiff contends that the ALJ failed to fully address Plaintiff's mental impairment limitations. (Doc.17:4). In this connection, she urges that the ALJ improperly rejected the mental limitations, which are made evident by multiple global assessment of functioning ("GAF") scores. (Doc.17:6). Hence, she concludes, the ALJ's residual functional capacity ("RFC") finding does not contain all of Plaintiff's limitations from her impairments, and his disability decision is not supported by substantial evidence. (Doc.17:8). She also argues that the ALJ failed to give the opinion of Dr. Vanderpool, Plaintiff's treating physician, the proper weight required by law. (Doc.17:8-14). She further contends that the ALJ committed reversible error by not applying the criteria set forth in 20 C.F.R. § 404.1527(c)(2) in evaluating Dr. Vanderpool's medical opinions. (Doc.17:9, 10). Consequently, Plaintiff seeks a reversal and remand for an award of benefits or for

---

[2] Plaintiff refers to 20 C.F.R. § 1527(d)(1)-(5), however the substance of her argument reflects that she is referring to 20 C.F.R. § 1527(c)(1)-(5) (effective August 24, 2012 to March 26, 2017), which prior to March 26, 2012, had been contained in 20 C.F.R. 1527(d).

2

further administrative proceedings. (Doc.17:14). Defendant contends that substantial evidence supports the ALJ's findings and conclusions, that the proper legal standards were utilized, and that the Commissioner's final administrative decision should be affirmed because no error was committed. (Doc.18).

## DISCUSSION

### *I. Standard of Review*

This Court's review is limited to a determination of whether the Commissioner's decision is supported by substantial evidence, and whether the Commissioner applied the proper legal standards in evaluating the evidence. *See* 42 U.S.C. § 405(g); *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002); *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995). Substantial evidence "is more than a mere scintilla, and less than a preponderance." *Masterson*, 309 F.3d at 272. The Commissioner's findings will be upheld if supported by substantial evidence. *Id*. A finding of no substantial evidence will be made only where there is a conspicuous absence of credible choices or no contrary medical evidence. *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988).

In applying the substantial evidence standard, the court may not reweigh the evidence, try the issues *de novo*, or substitute its own judgment for the Commissioner's, even if it believes the evidence weighs against the Commissioner's decision. *Masterson*, 309 F.3d at 272. Conflicts in the evidence are for the Commissioner and not the courts to resolve. *Id*.; *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir. 1993).

### *II. Evaluation Process*

The ALJ evaluates disability claims according to a sequential five-step process: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe

medically determinable physical or mental impairment; (3) whether the claimant's impairment(s) meet or equal the severity of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) whether the impairment prevents the claimant from performing past relevant work; and (5) whether the impairment prevents the claimant from doing any other work. 20 C.F.R. § 404.1520. The claimant bears the burden of proof at the first four steps of the analysis. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995). Once this burden is met, the burden shifts to the Commissioner to show there is other substantial gainful employment available that the claimant is capable of performing. *Anderson v. Sullivan*, 887 F.2d 630, 632 (5th Cir. 1989). The Commissioner may meet this burden by the use of opinion testimony of vocational experts ("VE") or by the use of administrative guidelines provided in the form of regulations, the Grids. *Rivers v. Schweiker*, 684 F.2d 1144, 1154 (5th Cir. 1982). If the Commissioner adequately points to potential alternative employment, the burden then shifts back to the claimant to prove that he is unable to perform the alternative work. *Anderson*, 887 F.2d at 632.

In the present case, the ALJ found that Plaintiff had the following severe impairments: (1) right meniscal tear, (2) major depressive disorder, (3) generalized anxiety disorder, (4) degenerative disc disease, and (5) osteoarthrosis. (R:14). The ALJ determined that none of Plaintiff's impairments, either alone or in combination, met or medically equaled one of the listed impairments. (R:15). After considering the entire record, he determined that Plaintiff had the RFC to perform sedentary work with the following non-exertional limitations: she can occasionally balance, stoop, kneel, crouch, crawl, and climb ramps and stairs; she cannot climb ladders, ropes, or scaffolds; she can perform bilateral handling frequently; she can understand, carry out, and remember, simple routine instructions; she can make simple decisions; she can attend and concentrate for two hours

at a time; she can interact adequately with coworkers and supervisors; she can occasionally interact with the public; and, she can respond appropriately to changes in a routine work setting. (R:17). On the basis of the testimony of the VE, and considering Plaintiff's age, education, work experience, and RFC, the ALJ determined that jobs exist in significant numbers in the national economy that Plaintiff can perform. (R:24, 25). A finding of "not disabled" was therefore appropriate. (R:25).

### *III. The ALJ's Determination of Plaintiff's Residual Functional Capacity*

RFC is the most an individual can still do despite her limitations. 20 C.F.R. § 404.1545; Social Security Ruling ("SSR") 96-8p. The responsibility to determine the Plaintiff's RFC belongs to the ALJ. *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995). In making this determination, the ALJ must consider all the record evidence and determine the Plaintiff's abilities despite her physical and mental limitations. *Martinez*, 64 F.3d at 174-76. The ALJ must consider the limiting effects of an individual's impairments, even those that are non-severe, and any related symptoms. *See* 20 C.F.R. §§ 404.1529, 404.1545; SSR 96-8p. The relative weight to be given the evidence is within the ALJ's discretion. *Chambliss v. Massanari*, 269 F.3d 520, 523 (5th Cir. 2001). The ALJ is not required to incorporate limitations in the RFC that he did not find to be supported in the record. *See Morris v. Bowen*, 864 F.2d 333, 336 (5th Cir. 1988).

## ANALYSIS

**A.     The ALJ's RFC Finding is Supported by Substantial Evidence in the Record**

In reviewing a decision that a claimant is not disabled, the court's function is to ascertain whether the record as a whole contains substantial evidence to support the Commissioner's final decision. The court weighs four elements to determine whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining

5

physicians; (3) subjective evidence of pain and disability; and (4) the claimant's age, education and work history. *See Martinez*, 64 F.3d 174. A review of the record evidence indicates that there is substantial evidence to support the ALJ's conclusion that Plaintiff retained the capacity to perform a reduced range of sedentary work.

The evidence reflects that Plaintiff was seen on several occasions by Dr. Cynthia Rivera, M.D. In July, 2013, Dr. Rivera diagnosed Plaintiff with major depressive disorder and mood disorder. (R:472). Nevertheless, Dr. Rivera noted Plaintiff's normal psychomotor activity, goal-directed and linear thought process, average fund of knowledge, and intact sensorium and memory. (R:471). A month later, in August, 2013, Dr. Rivera observed that Plaintiff exhibited normal speech, organized and goal-directed thought process, intact cognition, and fair insight and judgment. (R:478).

A consultative psychological examination of Plaintiff was performed on November 5, 2013 by Dr. James Schutte, Ph.D. (R:504). A mental status examination showed Plaintiff to be oriented to person, place, and time, with intact cognitive functioning, clear speech, and long-term memory that did not appear to be grossly impaired. (R:506). Plaintiff's attention and concentration were normal during the interview. (*Id.*). Although Dr. Schutte noted Plaintiff's depression, anxiety, and borderline personality traits, he opined that Plaintiff had only moderately impaired ability to reason and to make occupational, social, and personal adjustments. (R:507). He also felt that Plaintiff was able to both understand the meaning of filing for benefits and would be able to manage benefit payments in her own best interest. (*Id.*).

On March 21, 2014, Dr. Randal Rattan, Ph.D., saw Plaintiff for a psychological evaluation. (R:554). Plaintiff's mood was considered subdued and anxious. (R:557). She showed some deficit

of attention and concentration, but was alert and oriented, with average remote memory and abstraction ability, good insight, and no deficits of judgment. (R:556-558). Dr. Rattan assessed a GAF of 55, and concluded that Plaintiff was capable of carrying out basic instructions and exhibiting contextually appropriate behavior. (R:558).

The ALJ gave the greatest weight to the opinions of the experts who prepared the state agency reports. (R:22). Dr. Leel Reddy, M.D., determined that Plaintiff could understand, remember, and carry out only simple instructions, make simple decisions, attend and concentrate for extended periods, interact adequately with coworkers and supervisors, and respond appropriately to changes in a routine work setting. (R:86-87). Her conclusions were affirmed on reconsideration review by state agency medical consultant Michele Chappuis, Ph.D. (R:121-123). Both consultants concluded that Plaintiff was not disabled. (R:106, 125).

The medical opinion of treating physician Dr. Vanderpool was given significantly less weight by the ALJ. (R:22). The ALJ found that Dr. Vanderpool's ultimate conclusion that Plaintiff was permanently disabled was inconsistent with her contemporaneous finding that Plaintiff was capable of managing benefits in her own best interest, as well as with her subsequent GAF determination of 50. (R:22). It was also inconsistent with the medical record as a whole. (R:22). Dr. Vanderpool's GAF score of 30 was also given little weight since it was not supported overall by Dr. Vanderpool's findings. (R:23). A review of the record bears out the ALJ's conclusion–Dr. Vanderpool's disability conclusion is at odds with virtually all of the rest of the medical evidence of record. The opinion of a treating physician may be rejected in situations where it is unsupported by the evidence. *Perez v. Barnhart*, 415 F.3d 457, 465-66 (5th Cir. 2005). The Court finds that the ALJ's determination is supported by the record.

7

### B. Consideration of the Section 404.1527(c) Factors

Plaintiff contends that the ALJ erred by failing to discuss the factors required by 20 C.F.R. §§ 404.1527(c), 416.927(c) in setting forth his reasoning for rejecting Dr. Vanderpool's opinion. In support of this claim, Plaintiff points to parts of Plaintiff's medical evidence contained in the administrative record that Plaintiff argues substantiates Dr. Vanderpool's opinion. (Doc.17:10-13). She also argues that this is not a case where there is competing first-hand medical evidence which negates the need to apply the factors. (Doc.17:10). Unfortunately for Plaintiff, there is an abundance of medical evidence that refutes this contention.

The Fifth Circuit has concluded that, "absent reliable medical evidence from a treating or examining physician controverting the claimant's treating specialist, an ALJ may reject the opinion of the treating physician *only* if the ALJ performs a detailed analysis of the treating physician's views under the criteria set forth in 20 C.F.R. § 404.1527([c])(2)." *Newton v. Apfel,* 209 F.3d 448, 453 (5th Cir. 2000). Specifically, the regulation requires consideration of:

1. the physician's length of treatment of the claimant;
2. the physician's frequency of examination;
3. the nature and extent of the treatment relationship;
4. the support of the physician's opinion afforded by the medical evidence of record;
5. the consistency of the opinion with the record as a whole; and
6. the specialization of the treating physician.

20 C.F.R. § 404.1527(c)(2)-(6). Where such evidence *does* exist in the record, however, consideration of the six factors is not necessary. *See Bullock v. Astrue,* 277 Fed.Appx. 325, 329 (5th Cir. 2007) (*per curiam*) (not published) (consideration of six factors only necessary absent controverting reliable medical evidence from a treating or examining physician).

8

Plaintiff's argument that there existed some evidence in the record to support Dr. Vanderpool's opinion misses the mark. As set forth in detail above, the administrative record is replete with reliable medical evidence from examining physicians controverting Plaintiff's treating physician's opinion. Thus, the ALJ was not required to perform a detailed analysis of the treating physician's views under the criteria set forth in 20 C.F.R. § 404.1527(c)(2). It is sufficient that the ALJ provided "good reasons" for the weight given to Dr. Vanderpool's opinion. The ALJ, therefore, did not err, and the Plaintiff is not entitled to relief based on the ALJ's failing to address the factors set forth in section 404.1527(c).

Plaintiff complains that the ALJ erred in giving more weight to non-examining sources, Drs. Reddy and Chappuis, than to the examining sources in this case. In support, Plaintiff cites *Villa v. Sullivan*, 895 F.2d 1019 (5th Cir. 1990), which determined that more weight should be given to the opinion of an examining source than to a non-examining source. (Doc. 17:9). Plaintiff's argument lacks merit under the circumstances of this case.

The ALJ must consider the opinions of state agency medical or psychological consultants; but he is not bound by any findings made by those consultants. 20 C.F.R. § 404.1527(e)(2)(i). Instead, the ALJ must evaluate those findings using the relevant factors in 20 C.F.R. § 404.1527(a-d) and explain the weight assessed. 20 C.F.R. § 404.1527(e)(2)(ii).

It is not an error for the ALJ to assign more weight to a non-examining source than to an examining source when there is "substantial justification" by way of the evidence. *See Huey v. Comm'r of Soc. Sec.,* No. 4:15-CV-037-SAA, 2015 U.S. Dist. LEXIS 162979 at *11-12, 2015 WL 8056041 at *1-5 (N.D. Miss. Dec. 4, 2015). After weighing all the evidence, the *Huey* ALJ explained and found that the evidence supported a conclusion that was contrary to the examining

source's opinion, and therefore, he assigned greater weight to the opinions of the non-examining sources. *Huey*, 2015 U.S. Dist. Lexis 162979 at *12-13, 2015 WL 8056041 at *4-5.

Like the ALJ in *Huey*, for reasons explained below, the ALJ in the present case appropriately determined that the non-examining sources' opinions were deserving of more weight than the examining sources' opinion because of their consistency with the record as a whole. (R:22). Having explained his weight assessment, the Court finds that there is substantial justification for it, and that the ALJ acted in accordance with the requirements of 20 C.F.R. § 404.1527(e)(2)(ii). Plaintiff's claim is without merit.

In a similar vein, Plaintiff takes issue with the ALJ's failure to give greater significance to the multiple GAF scores in this case. (Doc. 17:4-6). Plaintiff's argument lacks merit, inasmuch as the GAF scores do not correspond to the related medical assessments in this case, especially those assessed by Dr. Vanderpool. A GAF score is not determinative of a claimant's ability to work. *Fuller v. Astrue*, No. 4:09-CV-197-A, 2010 WL 5566819, at *8 (N.D. Tex Oct. 13, 2010), *adopted in* 766 F.Supp. 2d 1149, 2011 WL 94549 (N.D. Tex. Jan. 11, 2011). Federal courts have specifically declined to find a link between a claimant's GAF score and an ability or inability to work. *See* 65 Fed.Reg. 50746, 5076465 (Aug. 21, 2000) (declining to endorse the GAF scale for use in Social Security and SSI disability programs and stating that the GAF scale "does not have a direct correlation to the severity requirements in our mental disorders listings"); *see also, e.g., Andrade v. Astrue*, No. 4:11-CV-318-Y, 2012 WL 1106864, at *8 (N.D. Tex. Feb. 13, 2012). Because of the inconsistency of the GAF scores assessed in this case and the additional fact that they were not consistent with simultaneous medical findings, the ALJ acted within his discretion in not assigning them greater weight.

As part of making his determination, the ALJ assessed Plaintiff's credibility and subjective complaints of pain and limitation. (R:17, 18). It was within his broad discretion to weigh the evidence and make credibility choices. *See Newton v. Apfel*, 209 F.3d 448, 459 (5th Cir. 2000). The ALJ considered Plaintiff's testimony as well as the medical evidence. On the one hand, he had a litany of complaints urged by Plaintiff. (R:18). On the other hand, the record evidence shows that Plaintiff could walk, stand, sit, lift, carry and that she had the basic mental abilities required for sustained work activity. (R:22). Based upon his review of the entire record of evidence, the ALJ determined that Plaintiff's medically determinable impairments could be expected to cause some of her alleged symptoms but that her statements concerning the intensity, persistence, and limiting effects of the symptoms were not credible to the extent they were inconsistent with the objective evidence of record. (R:17, 18). Such a decision was within the ALJ's discretion and is supported by the evidence.

At the fifth step, considering Plaintiff's age, education, work experience, and RFC, as well as the VE's testimony, the ALJ found that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. (R:24). Specifically, the VE testified that an individual with Plaintiff's age, education, work experience, and RFC would be able to perform the job requirements of a labeler, a scanner, and an inspector of wooden parts. (R:24, 67-68). The ALJ found that pursuant to SSR 00-4p, in conjunction with the VE's education, training, and experience, the VE's testimony was consistent with the information contained in the Dictionary of Occupational Titles. (R:24). There is no question that the hypothetical question posed to the VE incorporated reasonably all disabilities of the claimant recognized by the ALJ, and that Plaintiff and his counsel were afforded the opportunity to correct deficiencies in the ALJ's question by cross-examination;

in fact, the hypothetical question posed by the ALJ to the VE was not challenged at all by Plaintiff at the hearing. *See Bowling v. Shalala,* 36 F.3d 431, 436 (5th Cir. 1994). The Court finds that the ALJ's fifth step determination is supported by substantial evidence and that the ALJ properly considered the four elements in arriving at this determination. *See Martinez*, 64 F.3d at 174.

The Court concludes that substantial evidence supports the ALJ's conclusions. Also, it is clear that no legal error warranting reversal has been established. Because Plaintiff has failed to show that she is disabled as a matter of law, there is no reason to remand this case to the Commissioner for the purpose of awarding benefits. *See Ivy v. Sullivan*, 898 F.2d 1045, 1049 (5th Cir. 1990) (uncontroverted showing of disability). Neither is there a need to remand for further administrative proceedings.

## **CONCLUSION**

Based on the foregoing, the Court hereby **ORDERS** that the decision of the Commissioner be **AFFIRMED** consistent with this opinion.

**SIGNED** and **ENTERED** on November 9, 2017.

_____
ROBERT F. CASTANEDA
UNITED STATES MAGISTRATE JUDGE